UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LILIAN MUNOZ ALVAREZ                          CIVIL ACTION NO. 26-1053

                                              SECTION P

VS.

                                              JUDGE S. MAURICE HICKS, JR.

U.S. IMMIGRATION & CUSTOMS                     MAG. JUDGE KAYLA D. MCCLUSKY
ENFORCEMENT, ET AL.

## REPORT AND RECOMMENDATION

Petitioner Lilian Munoz Alvarez,[1] a detainee at Richwood Correctional Center in the

custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and

Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2]

[doc. # 1].  For reasons that follow, the Court should deny the petition as premature.

## Background

Petitioner is a citizen of Ecuador.  She entered the United States of America on December

26, 2025.  [doc. # 1-2, p. 3].  She was taken into immigration custody the same day.  [doc. # 1, p.

4].  She was ordered removed from the United States to Guatemala, a "third country," on

February 2 or 17, 2026.  [doc. #s 1, p. 4; 1-2, p. 3].  The immigration judge "gave [her] voluntary

departure to Guatemala[,]" but she does not know anyone in Guatemala.  [doc. # 1-3, p. 5].  She

did not appeal the order to the Board of Immigration Appeals.  *Id.*

---

[1] Petitioner's 'A-Number' is 220-904-468.

[2] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636, and the standing orders of the Court.

Petitioner filed this proceeding on March 28, 2026.  [doc. # 1, p. 8].  Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), she claims that she has been detained for over three months, that ICE is not likely to remove her in the near future, and that ICE is thereby violating her right to due process.  [doc. #s 1, p. 6; 1-2, p. 4].  She states that she has fully cooperated with ICE in its efforts to remove her.  [doc. # 1-2, p. 3].  ICE is allegedly "still working on [her] case."  *Id.* at 4.  She does not know when ICE will finish.  *Id.*

Petitioner seeks release from detention on bond or on parole.  [doc. # 1, p. 7].

### Jurisdiction

Under 28 U.S.C. § 2241(c)(3), the Court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws or treaties of the United States."  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  However, the 'REAL ID Act' of 2005 divests federal courts of jurisdiction over several categories of immigration proceedings.  *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005).  District courts may not review challenges to final orders of removal.  8 U.S.C. § 1252(a)(5); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).  And no federal court may review any action that is committed to the discretion of the Attorney General or the DHS Secretary, 8 U.S.C. § 1252(a)(2)(B)(ii), including decisions "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole,"  8 U.S.C. § 1226(e).

The Supreme Court recognized a distinction between challenges to individual, discretionary detention decisions—which are prohibited—and "challenges to the statutory framework that permits [an] alien's detention without bail"—which remain cognizable under the habeas statute.  *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (internal alterations omitted) (*citing Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see Aracely, R. v. Nielsen*, 319 F. Supp. 3d

2

110, 135 (D.D.C. 2018) ("While§ 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA.").

Despite any statutory limitations on judicial review, federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005), such as "questions of law regarding the AG's statutory authority or the regulatory framework" governing immigration detention, *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 903 (S.D. Tex. 2007); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

### Law and Analysis

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, however, Petitioner's claim is premature because she has not been detained more than six months following the date her order of removal became final. At the earliest, she was ordered removed on February 2, 2026. Under 8 U.S.C. § 1101(47)(B), an order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals

3

affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."[3]  An alien ordered removed has thirty days to appeal that decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.38(b). Here, Petitioner did not file an appeal with the Board of Immigration Appeals.  Thus, her order of removal became final thirty days after she was ordered removed, or on March 4, 2026.

Petitioner filed this proceeding on March 28, 2026, less than six months after her order of removal became final (six months after March 4, 2026, is September 4, 2026).  *See Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), *cert. denied*, 544 U.S. 1066 (2005).

The Court should deny this claim as premature.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Petitioner Lilian Munoz Alvarez's petition for release under *Zadvydas* be **DISMISSED WITHOUT PREJUDICE** to her right to re-file the claim should her confinement become unconstitutional.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation

---

[3] *See also Riley v. Bondi*, 606 U.S. 259, 267 (2025).

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th day of April, 2026.

Kayla Dye McClusky
United States Magistrate Judge